UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-79-MOC-WCM

| HEATHER JOY HIGGINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| WNC DERMATOLOGICAL ASSOCIATES, P.A., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on a Partial Motion to Dismiss for Failure to State a Claim, filed by Defendants Rocky Evan Bacelieri, Peter William Jaber, Alison Carol Lyke, Daniel Judson Smith, Marie Olivia Ventre, and WNC Dermatological Associates, P.A. (Doc. No. 2).

### I. BACKGROUND

In 2014, Plaintiff, a licensed dermatologist, entered into an employment agreement with WNC Dermatological Associates, P.A. ("the Practice") to commence May 1, 2015. The 2014 Agreement established compensation in the form of base salary and profit-sharing for the years beginning May 1, 2015 and May 1, 2016. The compensation arrangement was set to expire on May 1, 2017, when "[p]artnership will begin . . . subject to agreement by employer and employee. Profits will then be distributed in the same manner used by the existing partners."

As contemplated by the 2014 Agreement, Plaintiff's relationship with the Practice changed on May 1, 2017. On that date, Plaintiff became a shareholder of the Practice and became an owner of a twenty-percent interest therein, which was identical to the ownership

1

percentage of the other shareholders at the time, Defendants Smith, Jaber, Bacelieri, and Ventre. Moreover, a "Stockholders' Agreement" by and between Plaintiff, Defendants Smith, Jaber, Bacelieri, and Ventre, and the Practice, setting forth various restrictions and conditions on the sale and redemption of stock, became effective. Plaintiff alleges that the other shareholders of the Practice had employment agreements with similar terms as her 2017 Agreement. Plaintiff alleges that after being made a shareholder, despite language to the contrary in the 2017 Agreement, she "continued to take direction from, and report primarily to" defendant Smith and other Practice physicians; was excluded from "daily management decisions," which were instead made by "more senior physicians"; and was not allowed to control her own schedule.

Beginning in June 2017, at least one month after being made a shareholder, Plaintiff began undergoing fertility treatments and underwent related surgery. In December 2017, Plaintiff underwent another round of fertility treatments, which caused medical complications requiring Plaintiff to miss at least two months of work. Plaintiff alleges that during a meeting attended by Practice shareholders on February 27, 2018, Defendant Bacelieri accused Plaintiff of "miss[ing] a lot of time recently" and suggested that her compensation should be adjusted to account for her extended absence. Plaintiff asserts that her March 2018 compensation reflected a lower amount than she had expected. Plaintiff alleges that, following unsuccessful attempts to remediate her concerns with the other shareholders, the Practice discharged Plaintiff on October 2, 2018.

Plaintiff originally filed this action in Buncombe County Superior Court, bringing numerous federal and state law claims against Defendants. Defendants removed the action to this Court on April 1, 2020. On the same day, Defendants filed the pending partial motion to dismiss, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), asking the

2

Court to dismiss the following claims: violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act; violation of the Americans With Disabilities Act; violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq.; a common-law claim for "wrongful discharge" under the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 et seq.; unfair trade practices under N.C. Gen. Stat. § 75-1.1 et seq.; conversion under North Carolina law; tortious interference with contract under North Carolina law; fraudulent inducement under North Carolina law; alter ego theory (piercing of the corporate veil to impose individual liability) under North Carolina law; conspiracy under both North Carolina law and 42 U.S.C. § 1985; and a claim for punitive damages.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.

### IV. CONCLUSION

Defendants' motions to dismiss is denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. The Partial Motion to Dismiss for Failure to State a Claim, filed by Defendants Rocky Evan Bacelieri, Peter William Jaber, Alison Carol Lyke, Daniel Judson Smith, Marie Olivia Ventre, and WNC Dermatological Associates, P.A., (Doc. No. 2), is **DENIED** at this time.

Signed: May 28, 2020

Max O. Cogburn Jr.
United States District Judge